KHOOBEHI PROPERTIES, L.L.C.                    NO. 25-C-212

VERSUS                                          FIFTH CIRCUIT

BARONNE DEVELOPMENT NO 2., L.L.C.,              COURT OF APPEAL
KAILAS FAMILY LIMITED PARTNERSHIP,
AND KAILAS PROPERTIES, L.L.C                    STATE OF LOUISIANA

—————— August 11, 2025 ——————

Linda Tran
First Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

**IN RE** KAILAS FAMILY LIMITED PARTNERSHIP, KAILAS PROPERTIES, LLC, CHANDRA MOHAN KAILAS, PRAVEEN KAILAS, NAVEEN KAILAS, AND DENISE GAINES

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LEE V. FAULKNER, JR., DIVISION "P", NUMBER 733-258

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Scott U. Schlegel

**WRIT DENIED**

Relators, Kailas Family Limited Partnership, Kailas Properties, LLC, Chandra Mohan Kailas, Praveen Kailas, Naveen Kailas, and Denise Gaines (collectively, "Defendants") seek review of the district court's November 18, 2024 order, and its April 14, 2025 reasons for judgment in accordance with La. C.C.P. art. 1425 F, which denied Defendants' motion to prohibit unreliable expert testimony from Jacqueline "J.C." Tuthill filed against the respondent, Khoobehi Properties, LLC ("Plaintiff"). Based on the writ application and attachments thereto, we deny this writ.

This case involves Plaintiff's agreement to sell its interest in Baronne Development to Kailas Family Limited Partnership in May 2013. Plaintiff's interest in Baronne Development included a 13% interest in Baronne Development No. 2, L.L.C., which owned a roughly 500,000 square feet, nineteen story building located on Baronne Street in the New Orleans' Central Business District. Plaintiff generally

alleges that defendants failed to disclose material facts regarding the development of the Baronne Street building before the sale. As a result, Plaintiff sold its 13% interest in Baronne Development for substantially less than its actual value.

Plaintiff hired Jacqueline "J.C." Tuthill, CPA, CFE, CFF ("Ms. Tuthill") as an expert to testify regarding the computation of its potential damages. In their motion to prohibit Ms. Tuthill from testifying, Defendants challenged the reliability of Ms. Tuthill's methodology, based on (1) the deposition testimony and reports submitted by defendants' damages expert, James A. Koerber, CPA ("Koerber"); and (2) her alleged failure to perform a business valuation as described in Statements on Standards for Valuation Services published by the American Institute of Certified Public Accountants ("AICPA"). In this regard, defendants claimed the AICPA valuation standards required Tuthill to apply the same two discounts used by Koerber, defendants' expert, including: (1) a discount for lack of control due to Plaintiff's minority ownership interest in Baronne Development; and (2) a discount for the lack of marketability of Plaintiff's ownership interest.

After a hearing, the trial court took the motion under advisement. In November 2024, the trial court denied the motion to prohibit Ms. Tuthill from testifying. In April 2025, in accordance with La. C.C.P. art. 1425 F(4), the trial court rendered the reasons for judgment regarding its denial of defendants' motion to prohibit Tuthill from testifying, which stated, in part:

> … plaintiff demonstrated that its expert, J.C. Tuthill, is qualified to testify at trial of this matter, and the manner in which she arrived at her opinions is reliable such that it will be up to the jury to determine which of the expert's opinions is more reliable under the circumstances of this case. Because of this conclusion, the Court did not have to explore whether the AICPA standard is the *only* way to arrive at a valuation, nor did it have to consider whether Louisiana jurisprudence might provide for a jurisdictional exception to the AICPA standards.

The trial court found that Ms. Tuthill used her specialized knowledge to interpret the proposed numbers at issue and establish the valuation, based her testimony on

sufficient facts or data, and used reliable principles and methods. In this writ application, defendants maintain that Ms. Tuthill's testimony is unreliable.

It is well settled that a district court has wide discretion in determining whether to allow a witness to testify as an expert, and its judgment will not be disturbed by an appellate court unless it is clearly erroneous. LaBauve v. Louisiana Med. Mut. Ins. Co., 21-763 (La. 4/13/22), 347 So.3d 724, 728.

Courts exercise a "gatekeeping" function relative to expert testimony by deciding whether: (1) the evidence or testimony will "assist the trier of fact to understand the evidence to determine a fact in issue," *i.e.,* whether the evidence is relevant and helpful; and (2) the expert's testimony or evidence has a reliable basis in the knowledge and experience of his discipline. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591-92, 113 S.Ct. 2786, 2796, 125 L.Ed.2d 469 (1993). The court's role as a gatekeeper does not replace the traditional adversarial system. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence" presented by experts. Id., 509 U.S. at 596, 113 S.Ct. at 2798. The mere fact that experts disagree about the reliability of a theory or a methodology does not mean that the testimony of an expert about that theory violates the Daubert standard. LaBauve, 347 So.3d at 731. The accuracy of the facts upon which the expert relies and determinations of credibility and accuracy of the expert's opinion are matters for the jury, not the court, to decide. Id. at 731-732.

Based on our review of the information presented to us, we do not find the district court abused its broad discretion in denying Defendants' motion to prohibit expert testimony from Jacqueline "J.C." Tuthill.

The Louisiana Supreme Court has held that the "value" of a partnership share of a withdrawing partner may be determined in any of several manners, such as book value, market value of the underlying partnership assets, fair market value of the

partnership share, or other means-depending on the circumstances requiring the valuation. Cannon v. Bertrand, 08-1073 (La. 1/21/09), 2 So.3d 393, 397. Because the circumstances surrounding a partnership withdrawal can vary so greatly, the Supreme Court declined to fashion a "one size fits all" method of valuation which would be fair in all cases. Id. Business valuation methods are not an exact science and are basically guides to determine a fair market value for buyers and sellers of a given business. Vedros v. Vedros, 16-735 (La. App. 5 Cir. 10/25/17), 229 So.3d 677, 689, writ denied, 17-2119 (La. 2/23/18), 237 So.3d 1185, and writ denied, 18-04 (La. 2/23/18), 237 So.3d 520. Considering the dynamics of businesses and business practices, factoring in circumstances that may be unique to the parties, an inflexible formula for determining value is said to be impractical. Id. Based on these principles, we reject Defendants' arguments in that they attempt to restrict any expert valuation or calculation to a particular method.

In addition, following the principles enunciated by Daubert, the parties will have the opportunity to vigorously cross-examine the other side's experts at trial. 506 U.S. at 596, 113 S.Ct. at 2798. It will be the province of the jury to decide whether to accept or reject, in whole or in part, the opinions of the experts. Id.

Accordingly, we find no error in the district court's denial of Defendants' motion to prohibit Ms. Tuthill from testifying and deny this writ application.

Gretna, Louisiana, this 11th day of August, 2025.

**SJW**
**SMC**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **08/11/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-212**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Lee V. Faulkner, Jr. (DISTRICT JUDGE)
George D. Fagan (Respondent)

Leonard L. Levenson (Relator)
Christian W. Helmke (Relator)

### MAILED

C. Jamison Beuerman (Respondent)
Attorney at Law
1100 Poydras Street
Suite 1700
New Orleans, LA 70163

Donna R. Barrios (Relator)
Attorney at Law
650 Poydras Street
Suite 2750
New Orleans, LA 70130